# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

vs.

HOT WHEEL CITY, INC.

Defendant.

_____/

Case No.

Honorable

COMPLAINT
AND JURY DEMAND

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to LaTonya Johnson who was adversely affected by such practices. As alleged with greater particularity in paragraph 7, the Equal Employment Opportunity Commission alleges that Defendant, Hot Wheel City, violated Title VII of the Civil Rights Act by subjecting Johnson to sexual harassment and discharging her in retaliation for her complaining about the environment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court, Eastern District of Michigan, Southern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.      At all relevant times, Defendant Employer Hot Wheel City, Inc. ("the Employer") has continually been a Michigan company doing business in the State of Michigan and the city of Detroit, and has continuously had at least fifteen (15) employees.

2

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g), and (h).

## STATEMENT OF CLAIMS

6.     More than 30 days prior to the institution of this lawsuit, LaTonya Johnson filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least September 2012, Defendant Employer has engaged in unlawful employment practices at its Detroit, Michigan facility in violation of Section 703(a)(1) and Section 704 of Title VII, 42 U.S.C. §§ 2000e-2; 2000e-3(a). Johnson was subjected to sexual harassment. She reported the harassment to Lisa Davis, the human resources manager, who was also Johnson's supervisor. Immediately thereafter, Davis told Johnson to stay home. Days later, Davis told Johnson that she had been fired.

8.     The effect of the practices complained of in paragraph 7

above, has been to deprive Johnson of equal employment opportunities and otherwise adversely affect her status as an employee.

9.     The unlawful employment practices complained of in paragraph 7 above, were and are intentional.

10.     The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Johnson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sex discrimination, condoning sexual harassment, and retaliating against any individual who opposes sex discrimination or assists a person in filing a sexual harassment complaint, and any other unlawful employment practice which discriminates on the basis of sex.

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment

opportunities for all of its employees and which eradicate the effects of its past and present unlawful employment practices.

C.      ORDER Defendant Employer to make Johnson whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.      ORDER Defendant Employer to make Johnson whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7, above, in amounts to be determined at trial.

E.      ORDER Defendant to make Johnson whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7, above, in amounts to be determined at trial.

F.      ORDER Defendant Employer to pay punitive damages for its malicious or reckless conduct described in paragraph 7, above, in amounts to be proven at trial.

G.     GRANT such further relief as the Court deems necessary and proper in the public interest.

H.     AWARD the Commission its costs for this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION

Respectfully submitted,

____s/ Laurie A. Young_____
LAURIE A. YOUNG
Regional Attorney

____s/Kenneth L. Bird_____
KENNETH L. BIRD
Supervisory Trial Attorney

____s/Nedra Campbell_____
NEDRA D. CAMPBELL (P58768)
Trial Attorney

DETROIT FIELD OFFICE
Patrick V. McNamara

477 Michigan Avenue, Room 865
Detroit, Michigan 48226
nedra.campbell@eeoc.gov
Tel. No. (313) 226-3410

Dated: March 28, 2014