UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

Plaintiff,

                                       Case No. 2:14-cv-11287

vs.                                  Hon. Paul D. Borman

HOT WHEEL CITY, INC.

Defendant.

_____/

## CONSENT DECREE

      The United States Equal Employment Opportunity Commission ("the Commission") filed this action against Hot Wheel City, Inc. (hereinafter "Defendant") to enforce Title VII of the 1964 Civil Rights Act, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). The Commission alleged that Defendant violated Title VII by subjecting LaTonya Johnson to a sexually hostile work environment and for retaliating against her for opposing these unlawful practices.

      It is the intent of the parties that this Consent Decree shall be a final and binding settlement in full disposition of the Complaint. It is

therefore the finding of this Court, made on the pleadings and the record as a whole, that: 1) the Court has jurisdiction over the parties and the subject matter of this action; 2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of this Consent Decree; and 3) this Consent Decree fully and finally resolves all matters in controversy arising out of the Complaint.

Therefore, it is hereby ORDERED, ADJUDGED, AND DECREED:

## NON-DISCRIMINATION AND RETALIATION

1.  Defendant and its officers, agents, employees, successors, assigns and all persons in active concert or participation with them are enjoined for the duration of this Decree from: (a) failing to investigate internal complaints of sexual harassment; (b) failing to take corrective remedial action to address sexual harassment; and (c) retaliating against any employee because s/he: (i) opposes discriminatory practices made unlawful by Title VII; (ii) files a charge of sexual harassment or assists or participates in the filing of such a charge; or (iii) assists or participates in an investigation or proceeding brought under Title VII prohibiting discrimination or retaliation.

## MONETARY RELIEF

2.     Defendant shall pay a total amount of $20,000 in monetary relief to LaTonya Johnson, which consists of $10,000 in back pay, and $10,000 in compensatory and punitive damages. Defendant shall not deduct from the settlement amount the employer's share of any costs, taxes, or Social Security, and shall deduct no amounts from the payment of compensatory or punitive damages.

3.     As a precondition to receiving payment, Johnson shall sign a release in the form of Attachment A. Defendant shall mail the check to Johnson at her address which shall be provided to Defendant by Plaintiff. Within seven (7) days after the payment has been made, Defendant shall mail a copy of the check to Laurie A. Young or her successor, Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

## CORRECTIVE POLICIES AND PRACTICES

4.     Defendant shall institute and carry out the policies and practices set forth below to ensure that its work environment is free of sexual harassment and retaliation.

5. <u>Training</u>. Within sixty (60) days from the entry of this Decree and thereafter on a semi-annual basis for the duration of this Decree, Defendant shall train each of its employees at all of its properties, including managers, supervisors, officers, and directors, on sex discrimination, sexual harassment, and retaliation. Each training session shall last at least one (1) hour. At least fifteen (15) days before the training, Defendant shall provide an outline and written materials to the Commission for its review at the address above. The Commission may provide input into the training within three (3) business days of the training. New employees shall be trained within seven (7) days from when they first start working for Defendant. All employees shall register when they attend training, and Defendant shall retain a registry of all employees who have completed the training for the duration of this Decree and forward a copy of the names of these individuals, on a semi-annual basis, to Laurie A. Young or her successor, Regional Attorney, care of Nedra Campbell, Trial Attorney, EEOC, 477 Michigan Avenue, Room 865, Detroit, Michigan 48226.

6. <u>Written Policies</u>. Within sixty (60) days of the date this Decree has

4

been entered by the Court, Defendant shall develop written policies concerning sexual harassment and retaliation to conform with the law, and shall submit the policies to the Commission's Regional Attorney at the address listed above. These policies shall be distributed to each current employee within sixty (60) days of the date this Decree has been entered by the Court and to each new employee when hired. The written policies must include at a minimum:

 A. Definitions of sexual harassment, sexually inappropriate language and behavior, and retaliation with examples, including a statement that such misconduct, by anyone, will not be tolerated;

 B. A statement encouraging employees to report sexual harassment or retaliation to at least one of two individuals designated by Defendant if s/he believes that either s/he or another employee has been subjected to sexual harassment or sexually inappropriate language, conduct, or retaliation, along with the names, telephone numbers, and email addresses of the individuals to whom employees can make

such a report;

C.  Assurances that Defendant will investigate any reports of sexual harassment or retaliation promptly and fairly, and will take appropriate corrective action to make victims whole and to eradicate any unlawful sex discrimination and retaliation it may uncover, along with a description of the consequences that will be imposed upon violators of the policies;

D.  A promise of maximum feasible confidentiality for persons who make a report under this policy;

E.  An assurance of non-retaliation for persons who make a report under this policy or who have been either subjected to sexually inappropriate conduct or retaliation, or witnessed such conduct.

7.  <u>Procedures</u>. Defendant shall develop procedures to address complaints of sexual harassment and retaliation. These procedures shall include a requirement that whenever an internal sexual harassment complaint is made, the owner shall be informed and if the

complaint is made in writing, the owner shall be shown the complaint (This includes internal complaints of sexually inappropriate behavior made via email or text messaging). These procedures shall be distributed to each current employee within sixty (60) days of the date this Decree has been entered by the Court, and to each new employee when hired along with the policies referenced above. The procedures must include:

    A.    Upon receiving a complaint of sexual harassment or retaliation, or a report that an employee has used sexually inappropriate language, Defendant shall promptly and appropriately conduct an investigation by interviewing all potential victims and witnesses, taking notes, and making a finding about whether the misconduct occurred. Defendant shall take immediate appropriate corrective action to make sex discrimination and retaliation victims whole, and to discipline those who engaged in any misconduct.

    B.    Defendant shall institute a procedure to evaluate managers and supervisors on their performance in

responding to employee complaints of sexual harassment or retaliation. A manager's or supervisor's failure to enforce Defendant's written policies concerning sexual harassment and retaliation shall result in discipline.

## REPORTING BY DEFENDANT AND ACCESS BY EEOC

8. Defendant shall submit the following in affidavit form to the Commission's Regional Attorney at the address provided above:

A. A copy of both the policies and procedures required above (see ¶¶ 6-7 above);

B. A report including the name, address, position, Social Security number, and telephone number of every employee who has complained about sexual harassment or retaliation during the first six (6) months from the date this Decree is entered by the Court. The nature of the complaint, Defendant's investigatory efforts, and corrective action taken, if any, also shall be specified. If no such complaints were made, Defendant shall submit the required report and indicate that it did not receive any complaints during that

time period. Additional reports shall be submitted on a semi-annual basis every six (6) months for the duration of this Decree;

C.  The registry of persons attending the training required above (see ¶ 5 above), and a list of current personnel employed by Defendant on the days of the training;

D.  Confirmation that (i) the Notice required above (see ¶ 4 above) was posted, and the locations where it was posted; and (ii) the policies and procedures required above (see ¶ 6 above) were distributed to each current and each new employee.

9.  The Commission shall have the right during regular business hours, hereby defined as Monday through Friday 9 a.m. - 5 p.m. Eastern time, to enter and inspect Defendant's premises to ensure compliance with this Decree.

## DURATION

10.  Absent extension, this Decree shall expire by its own terms at the end of the seven (7) years from the date it has been entered by the

Court without further action by the parties.

## DISPUTE RESOLUTION AND COMPLIANCE

11. This Court shall retain jurisdiction over this action for the duration of this Decree and shall have all equitable powers, including injunctive relief, to enforce this Decree. Upon motion of the Commission, the Court may schedule a hearing for the purpose of reviewing compliance with this Decree. The parties shall engage in a good faith effort to resolve any dispute as to compliance prior to seeking review by the Court, and the EEOC shall be required to give the Defendant ten (10) days notice before moving for such review. All parties may conduct discovery under the Federal Rules of Civil Procedure for purposes of determining compliance with this Decree. Should the Court determine that Defendant has not complied, the Court may order appropriate relief including extension of the Decree for the time necessary to remedy non-compliance, and attorney's fees and costs.

12. If Defendant fails to comply with any provision of this Decree, it shall have ten (10) days to cure its non-compliance. If the Court determines Defendant did not comply, a penalty shall accrue up to a

maximum amount of $500 per day, from the date it was determined that Defendant failed to comply with the Decree through the date Defendant is in compliance with the Decree again.

13. In the event Defendant does not comply with any provision of this Decree, and the Commission must petition the Court to order Defendant to comply, the Commission is entitled to an order requiring the payment of the daily penalty provided for in the above paragraph. In addition, Defendant shall pay all attorney's fees and costs incurred by the Commission to enforce the Decree.

## MISCELLANEOUS

14. Each party will bear its own costs and fees.

15. If any provision of this Decree is found to be unenforceable by a court, only the specific provision in question shall be affected and the other enforceable provisions shall remain in full force and effect.

16. This Decree constitutes the entire agreement and commitments of the parties. Only the Court may modify this Decree.

17. The terms of this Consent Decree are and shall be binding upon the present and future owners, officers, directors, employees, creditors,

agents, trustees, administrators, successors, representatives, and assigns of Defendant. The Defendant will provide prior written notice to any potential purchaser of Defendant's business, or a purchaser of all or a portion of Defendant's assets, and to any other potential successor, of the Commission's lawsuit, the allegations raised in the Commission's Complaint, and the existence and contents of this Consent Decree. Prior to selling any or all of its business or assets, the Defendant shall provide the buyer with a copy of this Consent Decree and shall notify the EEOC of the impending sale as far in advance of the sale as possible.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION


s/ Nedra Campbell
NEDRA CAMPBELL (P58768)
DETROIT FIELD OFFICE
Patrick V. McNamara Federal Building
477 Michigan Ave, Room 865
Detroit, Michigan 48226
(313) 226-3410
nedra.campbell@eeoc.gov
Date: January 21, 2015

HOT WHEEL CITY, INC.

_s/ George K. Serkian_
George K. SERKIAN (P30966)
24725 W 12 Mile Rd Ste 110
Southfield, Michigan 48034
(248) 356-4844
gkserkian@gmail.com
Date: January 21, 2015

                **IT IS SO ORDERED:**

Date: JAN 2 2 2014     _____
                              Hon. Paul D. Borman
                              United States District Judge

## ATTACHMENT A

### RELEASE

In consideration for $20,000 paid to me by Hot Wheel City, Inc., in connection with the resolution of EEOC v. Hot Wheel City, Inc. Case No. 2:14-cv-11287, I waive my right to recover for any claims of sex harassment and retaliation arising under Title VII of the 1964 Civil Rights Act that I had against Hot Wheel City, Inc. prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Hot Wheel City, Inc.

Date: _____ Signature:_____